**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERROD LONZELL HERNDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOSTAND, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00378-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff Gerrod Lonzell Herndon is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.) Plaintiff initiated this action on March 18, 2016, and filed a complaint. (ECF No. 1.)

**I.**

**PROCEDURAL HISTORY**

On May 18, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend within thirty days. (ECF No. 6.) On May 31, 2016, Plaintiff filed a first amended complaint, (ECF No. 7), and on June 6, 2016, Plaintiff filed another first amended complaint, (ECF No. 8). On August 31, 2016, Plaintiff filed a motion to proceed in forma pauperis. (ECF No. 10.)

On October 26, 2016, the Court issued an order disregarding Plaintiff's August 31, 2016 motion to proceed in forma pauperis as moot, and served that order by mail on Plaintiff at his address

of record. (ECF No. 11.) On November 14, 2016, that order was returned to the Court with a notation "undeliverable, paroled."

Subsequently, on January 30, 2017, the Court issued an order to show cause why this action should not be dismissed for the failure to prosecute. The order required a show cause response within twenty (20) days. More than twenty (20) days have passed, and Plaintiff has not responded to the order to show cause, or otherwise communicated with the Court.[1]

## II.
## DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for nearly one year. The Court's October 26, 2016 order was returned over three months ago, and Plaintiff's change of address has been overdue for over a month. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's

---

[1] The United States Postal Service returned the order to show cause on February 13, 2017, as undeliverable. A notation on the envelope indicates that Plaintiff is paroled. However, Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

orders. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's January 30, 2017 order to show cause expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action. (ECF No. 12, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

///
///
///

**III.**

**CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to prosecute and failure to obey the Court's January 20, 2017 order (ECF No. 12); and

2. The Clerk of the Court is directed to terminate all pending deadlines and motions, and close this case.


IT IS SO ORDERED.

Dated:   **March 1, 2017**

UNITED STATES MAGISTRATE JUDGE